```
                    UNITED STATES DISTRICT COURT
                        DISTRICT OF NEW JERSEY


    ┌─────────────────────────────────┐
       JOHANNA E. BAYERS on behalf
       of ALLISON BAYERS,                 Civil No. 13-088 (NLH)

                    Plaintiff,
                                          OPINION
            v.


       COMMISSIONER OF SOCIAL
       SECURITY,

                    Defendant.
    └─────────────────────────────────┘
```

**APPEARANCES:**

Robert Anthony Petruzzelli, Esquire
Jacobs, Schwalbe & Petruzzelli, PC
Woodcrest Pavilion
Ten Melrose Avenue
Suite 340
Cherry Hill, New Jersey 08003
    *Attorney for Plaintiff*

Paul J. Fishman, Esquire
United States Attorney
    By:  Tomasina DiGrigoli, Esquire
         Special Assistant United States Attorney
Social Security Administration
Office of the General Counsel
26 Federal Plaza, Room 3904
New York, New York 10278
    *Attorney for Defendant*

**HILLMAN, District Judge**:

This matter comes before the Court pursuant to Section 205(g) of the Social Security Act, as amended, 42 U.S.C. § 405(g), to review the final decision of the Commissioner of the Social Security Administration, determining that Plaintiff Allison Bayers, a minor child, is not eligible for Supplemental Security Income ("SSI") under the Social Security Act because she is not disabled. Plaintiff argues on appeal that substantial evidence exists in the administrative record to support a finding of disability and asks this Court to reverse the Commissioner's final decision and enter an award of summary judgment in her favor. Alternatively, Plaintiff asks the Court to remand this case. The issue before the Court is whether the Administrative Law Judge ("ALJ") erred in finding that Plaintiff did not have an impairment or a combination of impairments that met or medically equaled one of the listed impairments that would qualify her for benefits, and that Plaintiff does not have an impairment or combination of impairments that functionally equals the severity of the listings. For the reasons stated below, this Court finds that the decision is supported by substantial evidence and will affirm that decision.

I.  **BACKGROUND AND PROCEDURAL HISTORY**

Plaintiff, who suffers from Asperger's Syndrome, attention deficit hyperactive disorder (ADHD), depression/mood disorder, and bipolar disorder, was a school-aged child (eight years old) when her mother applied for SSI benefits for her on January 15, 2010.  Her claim was denied initially and upon reconsideration, and a hearing before the ALJ was held on May 3, 2011.  The May 3, 2011 hearing was continued to August 23, 2011 so that Plaintiff could seek representation, and the continued hearing took place on August 23, 2011 as scheduled.  The ALJ issued his decision denying Plaintiff benefits on September 8, 2011, finding that Plaintiff was not disabled.  Plaintiff's request for review by the Appeals Council was denied on November 30, 2012, and the ALJ's decision became final.  Plaintiff now appeals the ALJ's decision to this Court.

II. **DISCUSSION**

   A.  **Standard of Review**

Under 42 U.S.C. § 405(g), Congress provided for judicial review of the Commissioner's decision to deny a complainant's

application for SSI.  Nichols v. Comm'r of Soc. Sec., 404 F. App'x 701, 704 (3d Cir. 2010).  A reviewing court must uphold the Commissioner's decision if it is supported by "substantial evidence."  42 U.S.C. §§ 405(g), 1383(c)(3); Fargnoli v. Massanari, 247 F.3d 34, 38 (3d Cir. 2001); Sykes v. Apfel, 228 F.3d 259, 262 (3d Cir. 2000); Williams v. Sullivan, 970 F.2d 1178, 1182 (3d Cir. 1992).  Substantial evidence means more than "a mere scintilla."  Richardson v. Perales, 402 U.S. 389, 401 (1971)(quoting Consolidated Edison Co. V. NLRB, 305 U.S. 197, 229 (1938)).  It means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  Id.  The inquiry is not whether the reviewing court would have made the same determination, but whether the Commissioner's conclusion was reasonable.  See Brown v. Bowen, 845 F.2d 1211, 1213 (3d Cir. 1988).

    A reviewing court has a duty to review the evidence in its totality.  See Daring v. Heckler, 727 F.2d 64, 70 (3d Cir. 1984).  "[A] court must 'take into account whatever in the record fairly detracts from its weight.'"  Schonewolf v. Callahan, 972 F. Supp. 277, 284 (D.N.J. 1997) (quoting Willbanks

4

v. Secretary of Health & Human Servs., 847 F.2d 301, 303 (6th Cir. 1988) (quoting Universal Camera Corp. V. NLRB, 340 U.S. 474, 488 (1951)).

The Commissioner "must adequately explain in the record his reasons for rejecting or discrediting competent evidence." Ogden v. Bowen, 677 F. Supp. 273, 278 (M.D. Pa. 1987) (citing Brewster v. Heckler, 786 F.2d 581 (3d Cir. 1986)).  The Third Circuit has held that an "ALJ must review all pertinent medical evidence and explain his conciliations and rejections." Burnett v. Comm'r of Soc. Sec. Admin., 220 F.3d 112, 122 (3d Cir. 2000). Similarly, an ALJ must also consider and weigh all of the non-medical evidence before him.  Id.  (citing Van Horn v. Schweiker, 717 F.2d 871, 873 (3d Cir. 1983)); Cotter v. Harris, 642 F.2d 700, 707 (3d Cir. 1981).

The Third Circuit has held that access to the Commissioner's reasoning is indeed essential to a meaningful court review:

> Unless the [Commissioner] has analyzed all evidence and has sufficiently explained the weight he has given to obviously probative exhibits, to say that his decision is supported by substantial evidence approaches an abdication of the court's duty to

5

> scrutinize the record as a whole to determine
> whether the conclusions reached are rational.

Gober v. Matthews, 574 F.2d 772, 776 (3d Cir. 1978).  Although an ALJ, as the fact finder, must consider and evaluate the medical evidence presented, Fargnoli, 247 F.3d at 42, "[t]here is no requirement that the ALJ discuss in its opinion every tidbit of evidence included in the record," Hur v. Barnhart, 94 F. App'x 130, 133 (3d Cir. 2004).  In terms of judicial review, a district court is not "empowered to weigh the evidence or substitute its conclusions for those of the fact-finder." Williams, 970 F.2d at 1182.  Moreover, apart from the substantial evidence inquiry, a reviewing court is entitled to satisfy itself that the Commissioner arrived at his decision by application of the proper legal standards. Sykes, 228 F.3d at 262; Friedberg v. Schweiker, 721 F.2d 445, 447 (3d Cir. 1983); Curtin v. Harris, 508 F. Supp. 791, 793 (D.N.J. 1981).

    **B.    Standard for Disability Insurance Benefits for Children under the Age of Eighteen**

Title XVI of the Act provides for the payment of disability benefits to persons under the SSI program.  42 U.S.C. § 1382(a). A child is considered "disabled" and thereby entitled to

6

benefits under the Act if he or she "has a medically determinable physical or mental impairment, which results in marked or severe functional limitations, and which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." Id. § 1382c(a)(3)(C)(i).  The claimant carries the initial burden of proving disability.  Plummer v. Apfel, 186 F.3d 422, 428 (3d Cir. 1999).

A child under eighteen is only eligible for SSI benefits if she meets a three-step test: (1) she is not engaging in substantial gainful activity; (2) she has a medically determinable impairment or combination of impairments that is severe; and (3) the impairment or combination of impairments meets, medically equals, or functionally equals the severity of one or more of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. 20 C.F.R § 416.924.  Morrison ex rel. Morrison v. Commissioner of Social Sec., 268 F. App'x 186, 187 (3d Cir. 2008).  An impairment or combination of impairments functionally equals a listed impairment if it causes a "marked" limitation in two of six domains of functioning or an "extreme"

7

limitation in one of those six domains. Id. at 188 (citing 20 C.F.R. § 416.926a(a)). A "marked" limitation "interferes seriously with [the child's] ability to independently initiate, sustain, or complete activities." Id. at n.1 (citing 20 C.F.R. § 416.926a(e)(2)(i)). An "extreme" limitation "interferes very seriously with [the child's] ability to independently initiate, sustain, or complete activities." Id. (citing 20 C.F.R. § 416.926a(e)(3)(i)).

The six domains are: (1) acquiring and using information, (2) attending and completing tasks, (3) interacting and relating with others, (4) moving about and manipulating objects, (5) caring for oneself, and (6) health and physical well-being. Id. (citing 20 C.F.R. § 416.926a(b)(1)). Parents and teachers may be called upon to provide information regarding a child's limitations with respect to these six domains since they see the child regularly and are able to describe the child's functioning at home, at school, and in the community. 20 C.F.R. 416.926a(b)(3).

**C.   Analysis**

In his decision, the ALJ found Plaintiff was not engaging in any substantial gainful activity (Step One) and that she has a medically determinable impairment that is severe – Asperger's Syndrome - (Step Two).  The ALJ found, however, that Plaintiff did not meet Step Three because she did not have a "marked" limitation in two of six domains of functioning or an "extreme" limitation in one of those six domains.

Plaintiff challenges this finding for one primary reason.  Plaintiff contends that the ALJ failed to properly evaluate and weigh the medical evidence of record.  Plaintiff's argument breaks down into essentially two subparts.  First, Plaintiff argues that the ALJ failed to assign the appropriate weight to the opinions offered by Plaintiff's treating psychiatrist, Dr. Gurak.  Second, Plaintiff asserts that the ALJ failed to adequate explain how all of the evidence was weighed.

> 1.   *Whether the ALJ failed to assign the appropriate weight to the opinions of Plaintiff's treating physician*

Plaintiff asserts that the ALJ's decision only discusses 5 of the 21 medical exhibits in the record, and focuses on only 2

9

of those: (1) a one-time evaluation of a Child Study team psychologist, Dr. Frost, performed on January 21, 2010; and (2) the submission of the treating psychiatrist, Dr. Gurak, who has treated Plaintiff every other month since October of 2007. Plaintiff claims that the ALJ's decision "cites with specificity and added emphasis all of the positives [sic] aspects of the child study team evaluation to support the conclusion that the treating doctor's opinions should be given little weight[.]" (Pl.'s Mem. of Law [Doc. No. 9] 8.)  Plaintiff further claims that the ALJ simply "dismiss[ed] with little discussion ... [Dr. Gurak's] opinion regarding not only the extent of the functional limitations cause by [Plaintiff's] impairments in all of the domains of functioning but also the opinion that the child's conditions meet two Listings at Step three of the Sequential Evaluation."  (Id.)

    Plaintiff argues that the ALJ's decision does not explain why "the single evaluation by the school psychologist" is entitled to greater weight than that afforded to Dr. Gurak's opinion.  According to Plaintiff, the ALJ simply stated that he gave Dr. Gurak's opinion "considerable" but "less weight"

10

"because it differs from" the school psychologist's single evaluation.  (Id.)  Plaintiff notes that while there may have been other reasons for the ALJ's dismissal of Dr. Gurak's opinion, those reasons are not expressed as is required.  (Id. at 8-9.)  Plaintiff also argues that Dr. Gurak's opinion was entitled to more weight than the Child Study Team analysis because his opinion "went directly to the issue of whether Allison's impairments left her with restrictions that are 'functionally equivalent' to Listed Impairments."  (Id. at 9.)

    Plaintiff's arguments are unavailing.  With respect to the opinions of Dr. Gurak, Plaintiff's treating psychiatrist, the ALJ's decision specifically referenced the following information offered by Dr. Gurak: (1) January 28, 2010 note (R. 509) by Dr. Gurak; a January 5, 2011 note (R. 604-605); and a Childhood Disability form completed by Dr. Gurak dated August 18, 2011 (R. 675-688).  The ALJ's decision clearly observes Dr. Gurak's findings as contained in the notes.  The ALJ explained that according to Dr. Gurak, Plaintiff has extreme mood swings, physical aggression and crying spells.  (R. 17).  The ALJ recognized, however, that this information "paint[ed] quite a

11

different picture than the report from school" for the same month. (Id.)  The ALJ further highlighted Dr. Gurak's January 5, 2011 note which instructed that Plaintiff should not be subjected to temperature extremes, and gets distracted at times, sometimes has poor concentration, is unable to pick up social cues, and has trouble adapting to change. (Id.)  Finally, the ALJ's decision explicitly recognized Dr. Gurak's opinion that Plaintiff's Asperger's Syndrome met Listings 112.04 and 112.10, based on her intermittent episodes of irritable moods, depression, poor sleep, feelings of worthlessness, guilt, impulsivity, ability to be easily distracted, and her significant deficits in development of reciprocal social interactions and difficulty in social situations. (Id.)

However, the ALJ determined that Dr. Gurak's opinion did "not comport with the reports from the [Plaintiff's] school, which state that the claimant is friendly, happy, has friends, pays attention well, and is able to keep up with the classroom pace."  (R. 17).  Moreover, in concluding that Plaintiff's impairments did not meet or equal a Listing, the ALJ also clearly relied upon the opinions of the State Agency medical

12

consultants who evaluated the initial and reconsideration levels of administrative review and reached the same conclusion. (R. 14.) As the Commissioner points out on this appeal, the ALJ's decision was further informed by: (1) the May 20, 2010 childhood disability evaluation form completed by State agency psychologist Dr. Joynson; and (2) the September 16, 2010 childhood disability evaluation form completed by another State agency psychologist Dr. Gara; both of whom concluded that Plaintiff's impairments, while severe, did not meet, medically equal or functionally equal the severity of a Listing impairment. (Def.'s Br. [Doc. No. 10] 10-11.) Additionally, these initial assessments were consistent with the reports from Plaintiff's school.

    Here, because Dr. Gurak's opinion was deemed inconsistent with the record, the ALJ did not fail to assign it the appropriate weight as Plaintiff suggests. Indeed, the Social Security regulations provide that, for all physician opinions, "the more consistent an opinion is with the record as a whole, the more weight [an ALJ should] give to that opinion." 20 C.F.R. § 404.1527(d)(4). Moreover, the regulations provide with

13

respect to a treating physician's opinion, such an opinion should be given controlling weight "[i]f ... a treating source's opinion on the issue(s) of the nature and severity of your impairment(s) is well-supported by medically acceptable clinical and laboratory diagnostic techniques and *is not inconsistent with the other substantial evidence in your case record*...." Id. at § 404.1527(d)(2) (emphasis added).

Given that Dr. Gurak's opinions "do not comport" with other substantial evidence in the record including reports from Plaintiff's school and State agency medical consultants, the ALJ was not bound to give his opinion controlling weight simply because he was Plaintiff's treating psychiatrist.  See Brown v. Astrue, 649 F.3d 193, 196-197 (3d Cir. 2011) (recognizing that it is entirely proper for an ALJ assign greater weight to a non-treating source over conflicting evidence from claimant's treating physician, provided the opinion is based on the record evidence, and the ALJ explains why he or she gives greater weight to the that source).  The ALJ's decision clearly sets forth that while Dr. Gurak's opinion was considered, it was

14

afforded less than controlling weight given the record evidence from multiple sources that contradicted that evidence.

Moreover, to the extent Plaintiff takes issue with the ALJ's alleged failure to provide controlling weight to Dr. Gurak's opinion that Plaintiff's impairment of Asperger's meets Listings 112.04 and 112.10, Plaintiff's argument is not persuasive.  Pursuant to 20 C.F.R. § 416.927(e) and SSR 96-5p, the ALJ is not required to accept Dr. Gurak's opinion on this issue.  Whether the nature and severity of Plaintiff's impairment meets or is equivalent to the requirements in the Listing is expressly considered to be an administrative finding that is dispositive in the case, and reserved for the ALJ to determine.  It is not a medical issue upon which Dr. Gurak could opine, and thus there is no error in the ALJ not giving this conclusion by Dr. Gurak controlling weight – or any weight for that matter.

> 2. *Whether the ALJ failed to explain how all of the evidence was weighed*

Plaintiff also argues that the ALJ erred when he did not fully explain how all of the evidence in the record was being

15

weighed.  Plaintiff argues that the ALJ's decision lacks any discussion of certain other medical exhibits, including, but not limited to Family Service records, documentation from Plaintiff's prior school, and records from a prior treating physician, Dr. Berger.  Plaintiff's argument is without sufficient merit on this point.  Although an ALJ, as the fact finder, must consider and evaluate the medical evidence presented, Fargnoli, 247 F.3d at 42, "[t]here is no requirement that the ALJ discuss in its opinion every tidbit of evidence included in the record[.]" Hur, 94 F. App'x at 133.  While the ALJ did not explicitly mention each and every exhibit made part of the record, not only is there no such requirement, but the decision clearly states at the outset that the ALJ "considered the complete medical history" and that the decision was made "[a]fter careful consideration of all the evidence[.]"  (R. 11).  Moreover, the ALJ adequately cites to those pieces of record evidence which he relied upon in reaching his final decision, and explains how that evidence was utilized to do so.  Thus, no error can be found in this regard.

    **III. <u>CONCLUSION</u>**

16

For the reasons stated above, the Commissioner's finding that Plaintiff is not disabled will be affirmed. The accompanying order will be entered.


Date:   March 31, 2014              s/ Noel L. Hillman
At Camden, New Jersey          NOEL L. HILLMAN, U.S.D.J.

17